IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WILLIE KIM YOUNG, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| Sheriff TOMLYN PRIMUS and Jail | : | NO. 5:06-cv-194(CAR) |
| Administrator MALINDA GRIFFIN, | : | |
| | : | |
| Defendants | : | **O R D E R** |

Plaintiff **WILLIE KIM YOUNG**, an inmate at the Hancock County Jail in Sparta, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

## *I. MOTION TO PROCEED IN FORMA PAUPERIS*

Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

It is hereby **ORDERED** that plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits made to plaintiff's trust fund account and forward those funds to the Clerk each time the amount set aside exceeds $10.00, until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). The Clerk of Court is directed to send a copy of this order to the

1

business manager and the warden of the institution where plaintiff is incarcerated.

## II. LEGAL STANDARDS

### A. 28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

### III. BACKGROUND

Plaintiff alleges that officials at the Hancock County Detention Center are forcing the inmates there to use toothpaste with an expiration date of March 2005. Apparently, it is impermissible for plaintiff to have a family member bring more current toothpaste to plaintiff. According to plaintiff, the toothpaste is "rough on our gums and teeth."

Plaintiff further alleges that he filed grievances concerning the old toothpaste, but received no response from defendant Malinda Griffin other than to be told inmates "will use what she gives" them.

Plaintiff files this action seeking two million dollars in damages.

### IV. DISCUSSION

As an initial matter, the Court notes that plaintiff wishes to bring this action on behalf of other inmates. Because plaintiff, as a *pro se* prisoner, is not representative of fellow inmates in a class action, permission for plaintiff to bring this action as a class action suit will be denied. **See Wallace v. Smith**, 2005 WL 1842350 (11th Cir. Aug. 4, 2005) ("it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action.") (quoting **Oxendine v. Williams**, 509 F.2d 1405, 1407 (4th Cir.1975)); **see also Maldonado v. Terhune**, 28 F.Supp.2d 284, 299 (D.N.J.1998) (courts have consistently held that a prisoner acting *pro se* is inadequate to represent the interests of his fellow inmates in a class action).

This Court also finds that plaintiff's complaint should be dismissed as frivolous under section 1915(e)(2). Using expired toothpaste, although unpleasant, is insufficient to state a constitutional

claim. Moreover, plaintiff did not allege that he suffered any physical injuries, other than perhaps *de minimus* ones. **See** 42 U.S.C. § 1997e(e)(no federal civil action may be brought by inmate for mental or emotional injury suffered while in custody unless there is prior showing of physical injury); **Harris v. Garner**, 190 F.3d 1279, 1286 (11th Cir. 2000) (*en banc*) (holding that the physical injury requirement even applies to claims of a constitutional nature and must be more than *de minimis*).

Regarding defendant Griffin's failure to respond to plaintiff's grievances, the Eleventh Circuit Court of Appeals has held that a prisoner has no constitutional right to participate in prison grievance procedures and violations of such procedures do not give rise to a claim under section 1983. **Wildberger v. Bracknell**, 869 F.2d 1467, 1467-68 (11th Cir. 1989). Thus, the denial of such procedures is not actionable under section 1983.

### V. CONCLUSION

Accordingly, the complaint against the defendants should be **DISMISSED** as being frivolous under 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this 14th day of June, 2006.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

cr